Maurice Carl GITTEN, Petitioner–Appellant,

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 02–3621.**

United States Court of Appeals, Second Circuit.

Submitted Oct. 15, 2002.

Decided Nov. 1, 2002.

**530**

Maurice Carl Gitten, pro se, Otisville, NY.

James B. Comey, U.S. Atty., Andrew J. Ceresney, Asst. U.S. Atty., New York, NY, submitted papers for Respondent–Appellee.

Before NEWMAN and POOLER, Circuit Judges, and JONES,* District Judge.

JON O. NEWMAN, Circuit Judge.

■ The pending application for leave to file a successive collateral attack on a criminal conviction requires consideration of the procedures to be followed by district courts when a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, challenging a denial of a collateral attack, also includes one or more claims that appear to constitute a second collateral attack on the same conviction. We conclude that a district court has some flexibility in handling such situations, but must be careful not to precipitously treat a Rule 60(b) motion as a second collateral attack requiring referral to this Court to discharge its "gate-keeping" function under 28 U.S.C. § 2244 concerning successive applications for habeas corpus.[1] In the pending matter, we remand to the District Court for further consideration.

---

* Honorable Barbara S. Jones of the United States District Court for the Southern District of New York, sitting by designation.

1. Section 2244 provides in part:

    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
28 U.S.C. § 2244(b)(2), (3)(A).
    Section 2255 provides:
    A second or successive motion must be certified as provided in section 2244....
28 U.S.C. § 2255, ¶ 8.

## Background

Maurice C. Gitten was convicted in the District Court for the Southern District of New York (Denise L. Cote, District Judge) on a plea of guilty to illegal entry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). This Court affirmed. *United States v. Gitten,* 231 F.3d 77 (2d Cir.2000). Gitten then filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The District Court denied the motion, *United States v. Gitten,* No. 00 Civ. 9100(DLC), 2001 WL 363052 (S.D.N.Y. Apr.10, 2001), and a certificate of appealability was denied by both the District Court and this Court.

Gitten then filed a motion under Rule 60(b) to vacate the decision denying his section 2255 motion. He asserted both what arguably were grounds for challenging the correctness of the denial of his section 2255 motion and what arguably were new grounds for challenging his conviction. In ruling on that motion, Judge Cote carefully considered our decision in *Rodriguez v. Mitchell,* 252 F.3d 191 (2d Cir.2001), *amended,* — F.3d —— (2d Cir. 2002). *Rodriguez* held that a Rule 60(b) motion challenging the "integrity" of a collateral attack proceeding should not be treated as a second collateral attack on a conviction, even though the motion ultimately seeks to overturn the conviction. *Id.* at 198–200. As Judge Cote saw the problem presented by Gitten's Rule 60(b) motion, she was obliged to divide the Rule 60(b) motion into the portions that attacked the 2255 denial and the portions that presented new attacks on his conviction, a task she thought might be more difficult with respect to a federal convic-

tion than the state conviction at issue in *Rodriguez.* *Gitten v. United States,* No. 00 Civ. 9100(DLC), 2002 WL 662883, at *2 (S.D.N.Y. Apr.23, 2002) ("First 60(b) Ruling"). After concluding that the challenges to her 2255 denial were not grounds for relief under Rule 60(b), Judge Cote denied the 60(b) motion and simultaneously directed the Clerk of the District Court to transfer the "case"[2] to this Court to determine whether to grant leave to file a second collateral attack. We had previously ruled that when a second collateral attack on a conviction is presented to a district court, the court should transfer the petition to this Court to perform its gatekeeping function under 28 U.S.C. § 2244. However, a search of this Court's records discloses no documents reflecting a transfer pursuant to the First 60(b) Ruling.

Gitten then filed a second motion under Rule 60(b), and, with leave of the District Court, amended the second motion. Again, Judge Cote viewed the motion as both challenging the correctness of her original denial of the section 2255 motion and presenting new grounds to invalidate the original conviction. Following her previous procedure, she denied the second 60(b) motion to the extent that it sought to attack her denial of the section 2255 motion and ordered the new claims transferred to this Court for gate-keeping consideration under section 2244. *United States v. Gitten,* No. 00 Civ. 9100(DLC), 2002 WL 1891338 (Aug. 15, 2002). This time the papers were transferred, and on September 18, 2002, Gitten filed in this Court an application for leave to file a second or successive motion to vacate a sentence under section 2255.

---

**2.** Although the District Court's opinion uses the word "case," First 60(b) Ruling, 2002 WL 662883, at *3, we assume that what was to be transferred to this Court was the portion of Gitten's 60(b) motion that presented new at-

tacks on his conviction. As the District Court explained, "His new attacks on his conviction will be treated as a second petition and transferred to the Court of Appeals." *Id.*

### Discussion

As we recognized in *Rodriguez*, the relationship between a Rule 60(b) motion challenging a district court's denial of a collateral attack on a conviction and an application to a court of appeals for leave to file a second or successive collateral attack has precipitated different views among the circuits. Several courts have ruled that a Rule 60(b) motion challenging the denial of a collateral attack should be treated as an application for a second or successive collateral attack and sent to a court of appeals for its gate-keeping decision. *See Rodriguez*, 252 F.3d at 200 n. 2 (collecting cases). *Rodriguez* ruled, however, that a 60(b) motion that challenges the validity of the denial of a collateral attack on a conviction is not a second or successive collateral attack (requiring permission from the court of appeals to file), even though the ultimate relief that the movant seeks is to have his conviction vacated.[3] *Rodriguez* did not encounter the problem faced by Judge Cote in this case and now faced by us: how to handle a 60(b) motion that both challenges the denial of a collateral attack and presents new grounds for a collateral attack on the underlying conviction.[4]

This problem arises at the intersection of two lines of authority in this Circuit. On the one hand are decisions like *Rodriguez* and *Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998), which have cautioned district courts not to precipitously convert all post-conviction motions into second or successive collateral attacks.

These decisions emphasize the importance of guarding against the danger to a prisoner, especially one like Gitten who is proceeding *pro se*, of treating papers that might not have been intended to be a request to file a second or successive collateral attack as if they were so intended. There are two adverse consequences of that treatment. First, the papers will be assessed against the strict standards of section 2244 for obtaining leave from a court of appeals to file a second or successive collateral attack. Second, these and especially subsequent papers will be subject to denial on the ground of "abuse of the writ," *i.e.*, filing repetitive and insubstantial collateral attacks. *See* Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts, following 28 U.S.C. § 2255 (1998); Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts, following 28 U.S.C. § 2254 (1998); *Carter v. United States*, 150 F.3d 202, 205 n. 5 (2d Cir.1998).

In *Adams*, we cautioned district courts not to convert a post-conviction motion into a *first* section 2255 motion (a practice that benefitted prisoners prior to AEDPA) "unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so characterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather

---

3. Some clarification of the matter may soon be forthcoming. *See Abdur'Rahman v. Bell*, —— U.S. ——, ——, 122 S.Ct. 1605, 152 L.Ed.2d 620 (2002) (granting petition for writ of certiorari), *Abdur'Rahman v. Bell*, —— U.S. ——, 123 S.Ct. 476, —— L.Ed.2d —— (2002) (directing supplemental briefing on jurisdictional issues concerning Rule 60(b) and successive habeas petitions). [After the filing of this opinion, the writ of certiorari was dismissed as improvidently granted. *Abdur'Rahman v. Bell*, —— U.S. ——, 123 S.Ct. 594, —— L.Ed.2d —— (2002) ].

4. In suggesting that *Rodriguez* "settled" the issue by ruling that a 60(b) motion should never be treated as a second or successive motion, *Kellogg v. Strack*, 269 F.3d 100, 102–03 n. 2 (2d Cir.2001), somewhat overstated the matter. *Rodriguez* concerned a 60(b) motion with grounds that "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the [underlying conviction]." 252 F.3d at 199.

than have it so recharacterized." *Adams,* 155 F.3d at 584.

On the other hand are decisions like *Roccisano v. Menifee,* 293 F.3d 51 (2d Cir.2002), and *Jiminian v. Nash,* 245 F.3d 144 (2d Cir.2001), which ruled that when a prisoner has already had one collateral attack on a conviction denied on the merits and then challenges his conviction in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, a district court should treat the 2241 petition as a second or successive collateral attack and transfer it to this Court for a gate-keeping determination. *Roccisano,* 293 F.3d at 58; *Jiminian,* 245 F.3d at 148. *Jiminian* reasoned that because the prisoner had already had a first collateral attack denied, he was already subject to the strict gate-keeping standards applicable to a second collateral attack and therefore did not require notification of the options outlined in *Adams. Id.*

■ We think Gitten's situation is more attracted by *Rodriguez* and *Adams* than by *Roccisano* and *Jiminian.* It is true that, as in the latter two cases, Gitten has already had an initial collateral attack denied on the merits and is therefore subject to gate-keeping standards whenever he files a second or successive collateral attack. However, the prisoners in *Roccisano* and *Jiminian* filed section 2241 petitions, thereby leaving no doubt that they had decided to present a second attack upon their underlying convictions. Gitten, by contrast, has filed a Rule 60(b) motion challenging the correctness of the denial of his initial collateral attack. Although the District Court might have been correct in viewing a portion of that motion as a presentation of new claims attacking the underlying conviction, Gitten might well have thought that he was trying only to persuade the District Court that its denial of his initial collateral attack was subject to challenge. Understanding the new AEDPA

procedures is difficult enough for judges and lawyers, and *pro se* prisoners cannot be expected to have all the complexities of these procedures in mind.

Although Gitten is already subject to the gate-keeping requirements of AEDPA, and therefore, like the prisoners in *Roccisano* and *Jiminian,* does not face consequences as serious as those faced by the prisoners in *Rodriguez* and *Adams* if a portion of his 60(b) motion is treated as a second or successive collateral attack, such conversion still risks adverse consequences that he might wish to avoid. First, the converted portion of his motion will be tested against the strict gate-keeping standards before he has framed his allegedly new challenges in a way that presents his best chance of meeting those standards. The risk is that a portion of his motion perhaps never intended to be a second or successive collateral attack will be summarily rejected by this Court, whereas a properly crafted second collateral attack might have survived gate-keeping scrutiny. Second, premature treatment of the converted portion of the 60(b) motion as a second collateral attack risks subjecting the prisoner not only to summary denial of that challenge but also to summary denial of any subsequent (*i.e.,* third) challenge as an abuse of the writ.

This case well illustrates the dangers that a prisoner faces when a portion of his 60(b) motion is forwarded to this Court as an application for a second or successive collateral attack. Apparently believing that the District Court's transfer ruling propelled him into this Court for a section 2244 gate-keeping ruling, Gitten followed up with his own formal application for leave to file a second or successive collateral attack. Perhaps he did so fully advised, but there is nothing in the record to indicate that this *pro se* prisoner has been informed of possible adverse consequences,

as called for by *Adams.* Indeed, we note that in his application to this Court, Gitten candidly reports the first section 2255 motion and the two 60(b) motions and then answers "3" to the question asking how many times he has "filed a motion to vacate" his conviction and sentence, thereby virtually inviting denial for abuse of the writ. Gitten may well prefer not even to seek leave to file a second collateral attack, at least until he has decided what grounds he wishes to allege in an attempt to meet the strict standards of section 2244.

*Adams* points towards the appropriate resolution of the problem posed by a 60(b) motion that includes new collateral attacks on a conviction. The district courts must be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction. Of course, after a district court has denied as meritless the portion of the 60(b) motion that the court considers to come within the scope of Rule 60(b), the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, *i.e.,* the portion believed to present new attacks on the conviction.

We conclude that the appropriate course at this point is to remand to the District Court to afford that Court an opportunity either to alert Gitten to his option to avoid transfer, or to deny the Rule 60(b) motion in its entirety. Accordingly, without adjudicating Gitten's entitlement to file a second or successive collateral attack, we remand to the District Court for further proceedings consistent with this opinion.