**Roy William HARRIS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 03–2373.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 13, 2004.

Decided: May 4, 2004.

---

Terence J. Lynam, Akin Gump Strauss Hauer & Feld, LLP, Washington, DC, for Plaintiff–Appellant Roy William Harris.

Katherine Polk Failla, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney, on the brief, and Laura Grossfield Birger, Assistant United States Attorney, of counsel), for Defendant–Appellee United States of America.

Before: JACOBS, SACK, and RAGGI, Circuit Judges.

JACOBS, Circuit Judge.

In April 2001, appellant Roy William Harris filed a second petition for habeas corpus relief, alleging for the first time that counsel in his direct appeal had been constitutionally ineffective in failing to appeal two alleged sentencing errors. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(b)(3), 2255, this Court declined to authorize consideration of that successive petition, and it was dismissed.[1] In July 2002, Harris asserted the ineffectiveness claim again, this time in a motion under Fed.R.Civ.P. 60(b)(6) to reopen his first habeas proceeding, on the (more attenuated) theory that his counsel in the *first habeas proceeding* had been ineffective because he failed to argue that counsel in his *direct appeal* had been constitutionally ineffective in failing to appeal the two alleged sentencing errors. Rule 60(b) affords relief from a prior judgment for a variety of narrow reasons such as mistake or fraud, or—under subsection (6)—for "any other reason justifying relief from the

---

1. AEDPA bars the bringing of "a second or successive" habeas petition in district court until a Court of Appeals has issued an order "authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). To win certification from a Court of Appeals, a prisoner must surmount one of two deliberately high hurdles by showing either (i) "new-ly discovered evidence that ... establish[es] by clear and convincing evidence" that the defendant was not guilty, or (ii) a "new rule of constitutional law" from the Supreme Court to be applied retroactively that invalidates the criminal conviction. 28 U.S.C. § 2255.

operation of the judgment." To justify this extraordinary relief, Harris cited a declaration in which his former lawyer swore that his representation in the first habeas proceeding had been ineffective.

We ruled in *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir.2001), that relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction. Harris has cast his Rule 60(b)(6) motion as such an attack on the integrity of his initial habeas proceeding, although the ground cited by Harris for reopening the first habeas proceeding would (if valid) require the habeas court to consider whether the sentencing judge committed reversible error. *See Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir.1994) (holding that an ineffectiveness-of-appellate-counsel claim is only valid if the appellate error prejudiced the defendant). Harris's attack on the integrity of the habeas proceeding is thus "a step on the road to the ultimate objective of invalidating the judgment of conviction." *Rodriguez*, 252 F.3d at 198.

In an exhaustive opinion that recognized the procedural intricacies of the case, the United States District Court for the Southern District of New York (Haight, *J.*) ruled, on a variety of grounds, that Harris's attack on the integrity of his previous habeas proceeding lacked merit and therefore was "procedurally barred" as "a second or successive" habeas petition. *Harris v. United States*, 293 F.Supp.2d 259, 269 (S.D.N.Y.2003). Harris now appeals from this Order pursuant to 28 U.S.C. § 2253(c).

■■■ On this appeal, we consider again how district courts should give effect to the protections of Rule 60(b) with respect to previous habeas proceedings without allowing unsuccessful habeas petitioners to bypass the procedures of AEDPA. In light of our holding in *Rodriguez*, we reiterate that relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction. Guided by *Rodriguez*, our Rule 60(b)(6) case law, and the congressional intent of AEDPA, we hold that: an attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in "extraordinary circumstances," and that such circumstances will be particularly rare where the relief sought is predicated on the alleged failures of counsel in a prior habeas petition. That is because a habeas petitioner has no constitutional right to counsel in his habeas proceeding, *see Coleman v. Thompson*, 501 U.S. 722, 752–53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and therefore, to be successful under Rule 60(b)(6), must show more than ineffectiveness under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se*. We conclude that the failures of habeas counsel alleged in Harris's motion do not survive review under this standard; and the motion therefore should have been denied with prejudice by the district court in accordance with our holdings in *Rodriguez*, 252 F.3d at 200, and *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir.2002). We reach no other issue.[2]

**2.** Because we hold that Harris is not entitled to relief under Rule 60(b)(6) for his counsel's failure on habeas to raise the alleged constitutional failures of his appellate counsel, we decline to reach the merits of his ineffective appellate assistance claim or of his claim that

## Background

Roy Harris was chief executive officer and majority shareholder of the petroleum company known as the Arochem Corporation. Represented at trial by an experienced member of New York's white-collar criminal defense bar, Harris was convicted in the Southern District of New York in December 1992 on 21 counts, including conspiracy to commit wire and bank fraud in violation of 18 U.S.C. § 371, wire fraud in violation of 18 U.S.C. § 1343, bank fraud in violation of 18 U.S.C. § 1344, money laundering in violation of 18 U.S.C. § 1956(a)(2), conducting a continuing financial crimes enterprise in violation of 18 U.S.C. § 225, and making a false statement on a loan application in violation of 18 U.S.C. § 1014.

In 1993, represented by another experienced criminal defense lawyer, Harris moved for a new trial on grounds of constitutionally ineffective trial counsel and newly discovered evidence. After this motion was denied, counsel filed a 57–page letter memorandum raising a host of issues relating to sentencing, prompting, *inter alia,* the two rulings that are relevant to the current appeal. First, the court declined to group the money laundering and wire fraud counts of Harris's indictment under § 3D1.2 of the Sentencing Guidelines. Second, the district court rejected the argument of Harris's counsel that imposing both (i) a two-level severity increase under § 2F1.1(b)(2)(A) of the Sentencing Guidelines for "more than minimal planning" and (ii) a four-level severity increase under § 3B1.1(a) for being a leader or organizer in an activity involving five or more participants, was impermissible "double counting." The district judge conceded that both sentencing decisions were debatable under the then-current law of this Circuit and would probably be grounds for appeal;

but Harris's appellate counsel attacked neither ruling in his direct appeal of Harris's 188–month prison sentence. We affirmed the conviction and sentence in *United States v. Harris,* 79 F.3d 223, 225 (2d Cir.1996).

Sometime in 1993, *i.e.* even before Harris's sentence, friends put him in touch with John B. Conway, a retired maritime lawyer. Over the next several years, Conway worked (without compensation) as Harris's legal advisor on Arochem-related civil litigation in which Harris appeared *pro se.* After the conclusion of Harris's criminal appeal—by which time Harris apparently lacked personal resources to retain new criminal counsel—Conway assisted Harris by researching issues that might support a habeas corpus petition to vacate the conviction. Conway lacked expertise in criminal law (and claimed none); he therefore tried (without success) to interest various defense lawyers in preparing Harris's petition. On March 18, 1997, Conway filed a motion on Harris's behalf for a new trial under Fed.R.Crim.P. 33 and coupled this motion with a habeas petition under 28 U.S.C. § 2255; the district court rejected all the claims in May 1998. *Harris v. United States,* 9 F.Supp.2d 246 (S.D.N.Y.1998), *aff'd,* 216 F.3d 1072 (2d Cir.2000), *cert. denied,* 531 U.S. 1203, 121 S.Ct. 1214, 149 L.Ed.2d 126 (2001). Over the next three years, Conway labored without compensation to vacate Harris's conviction.

Sometime in 2000, Harris managed to retain present counsel with funds apparently supplied by friends. In April 2001, two months after the Supreme Court denied Conway's petition for a writ of certiorari, *see* 531 U.S. 1203, 121 S.Ct. 1214, Harris's new counsel filed a second habeas petition in April 2001 (this time under 28

the district court erred in 1994 when it calculated his prison sentence.

U.S.C. § 2241). This second petition alleged that the lawyer who argued Harris's direct appeal to the Second Circuit was constitutionally ineffective because he failed to appeal the district court's two disputed sentencing decisions. Since Harris was in prison in the District of New Jersey, the § 2241 petition was filed there. The District of New Jersey was made aware of the previous habeas decision, construed the § 2241 petition as a second petition under 28 U.S.C. § 2255, and transferred it to this Court for AEDPA certification. Applying AEDPA, we denied Harris permission to file a second habeas corpus petition in district court.

Harris thereafter asked the Southern District of New York to reopen his initial habeas corpus proceeding, pursuant to Rule 60(b). As grounds for relief, Harris (i) repeated the claim originally made to the District of New Jersey that the lawyer who argued his direct appeal had been constitutionally ineffective for failing to contest the two 1994 sentencing rulings, and (ii) alleged that Conway's admitted failure to raise the appellate ineffectiveness claim during the first habeas proceeding constituted ineffective habeas assistance that justified relief under subsection (6) of Rule 60(b). The district court ruled that Conway's initial failure to raise the alleged constitutional ineffectiveness of Harris's appellate lawyer did not subvert the integrity of the previous habeas proceeding and that Harris's Rule 60(b)(6) motion was therefore "procedurally barred" as "a second or successive" habeas petition under AEDPA. *Harris,* 293 F.Supp.2d at 269.

## Discussion

A district court's decision to grant relief under Rule 60(b) is reviewed for "abuse of discretion." *E.g., Israel v. Carpenter,* 120 F.3d 361, 365 (2d Cir.1997). In appeals under 28 U.S.C. § 2255, "this Court reviews factual findings for clear error and questions of law *de novo.*" *Triana v. United States,* 205 F.3d 36, 40 (2d Cir. 2000) (internal quotation marks omitted).

## I

■ When should a Rule 60(b) motion to reopen a habeas proceeding be construed as "a second or successive" habeas petition under AEDPA? This question has elicited inconsistent answers across the circuits. Three circuits have adopted the view that, regardless of the substance of its allegations, such a motion is *always* "a second or successive" habeas petition under AEDPA. *See Mobley v. Head,* 306 F.3d 1096, 1096 (11th Cir.2002); *Lopez v. Douglas,* 141 F.3d 974, 975 (10th Cir.1998) (per curiam); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir.1996). Other circuits have adopted more flexible approaches that look to the underlying substance of the Rule 60(b) motion in order to determine if it is tantamount to a "a second or successive" habeas petition under AEDPA.[3]

---

3. *Rodwell v. Pepe,* 324 F.3d 66, 70–71 (1st Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 224, 157 L.Ed.2d 134 (2003) (holding that a Rule 60(b) motion to reopen a habeas denial is barred when its "factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence," but is permissible when it "deals primarily with some irregularity or procedural defect" of the habeas proceeding itself); *United States v. Winestock,* 340 F.3d 200, 206–07 (4th Cir.),

cert. denied, —— U.S. ——, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003) ("We emphasize that we do not require that all Rule 60(b) motions be treated as successive applications; instead, the proper treatment of the motion depends on the nature of the claims presented."); *Dunlap v. Litscher,* 301 F.3d 873, 876 (7th Cir.2002) (allowing the use of Rule 60(b) to reopen previous habeas cases as long as the substance of the Rule 60(b) motion does not pertain to "territory occupied by AEDPA"),

This Court followed the latter approach in *Rodriguez*, 252 F.3d at 191. There, we recognized that a Rule 60(b) motion to set aside a habeas denial is "undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction," *id.* at 198, but emphasized that a Rule 60(b) motion does not itself seek habeas relief and "should therefore be treated as any other motion under Rule 60(b)" for purposes of AEDPA, *provided that* the motion "relates to the integrity of the federal habeas proceeding, not to the integrity of the ... criminal trial." *Id.* at 199; *see also Gitten*, 311 F.3d at 531, 532. Relying on *Rodriguez*, Harris's counsel has carefully recast his habeas petition as a Rule 60(b) motion, the gist of which is that his habeas proceeding was undermined by his habeas counsel's (conceded) failure to raise the alleged constitutional ineffectiveness of Harris's counsel on the direct appeal. Since the Rule 60(b) motion arguably attacks the integrity of Harris's habeas proceeding, we must consider its merits.

## II

A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of this Court:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment.*

Fed R. Civ. P. 60(b) (emphasis added); *see also Rodriguez*, 252 F.3d at 199. It is undisputed that none of the first five subsections applies here. Instead, Harris contends that his habeas proceeding should be reopened because his habeas counsel, Conway, failed to raise the alleged constitutional ineffectiveness of Harris's appellate counsel[4] and that Conway's con-

---

*cert. denied sub nom. Lanzotti v. United States*, 537 U.S. 1140, 123 S.Ct. 937, 154 L.Ed.2d 836 (2003), *cert. denied sub nom. Hunt v. United States*, 537 U.S. 1234, 123 S.Ct. 1353, 155 L.Ed.2d 199 (2003), *cert. denied sub nom. Dunlap v. Frank*, ── U.S. ──, 123 S.Ct. 2644, 156 L.Ed.2d 662 (2003); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.2002) (per curiam) (directing district courts to conduct "a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack" in which case the motion should be denied as barred or transferred to the Court of Appeals for certification); *Thompson v. Calderon*, 151 F.3d 918, 921 & n. 3 (9th Cir.1998) (en banc) (holding that a Rule 60(b) motion ordinarily "should be treated as a successive habeas petition," but declining to adopt "a bright line rule equating all Rule 60(b) motions with successive habeas petitions"). The Fifth Circuit appears to take a dim view of using a Rule 60(b) motion to set aside the denial of habeas, but has expressly declined to decide whether such Rule 60(b) motions are *always* successive habeas petitions. *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir.2002). The position of the Third Circuit is not clear. *See United States v. Edwards*, 309 F.3d 110, 113 (3d Cir.2002) (per curiam) (holding that motion for reconsideration "would be construed not as a Rule 60(b) motion, but, rather, as an unauthorized successive motion under § 2255 which the District Court may have been without jurisdiction to consider").

**4.** Harris concedes in his brief that he had no recognized right to effective assistance of

ceded failure falls within Rule 60(b)(6) as "any other reason justifying relief from the operation of the judgment."

■ Generally, "[i]t is well established ... that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'"[5] *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (citations omitted). In typical civil proceedings, this Court *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct. *See id.* The rationale for this principle was best expressed by Justice Harlan in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In affirming a district court's *sua sponte* dismissal of an action for counsel's failure to prosecute, he explained:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 633–34, 82 S.Ct. 1386 (internal quotation marks and citations omitted). To be "extraordinary circumstances" for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the

client's case altogether, either through physical disappearance, *see Vindigni v. Meyer*, 441 F.2d 376 (2d Cir.1971), or constructive disappearance, *see Cirami*, 563 F.2d at 34–35.

■ Habeas is a civil proceeding and is subject to the same abandonment standard. If anything, AEDPA requires an even more rigorous application of that standard, lest Rule 60(b)(6) swallow the procedures that limit successive habeas petitions. After all, not all lawyers are excellent, and some excellent lawyers would stipulate to their own ineffectiveness if it might help win a client's release. Moreover, like the *pro se* litigants that constitute the majority of habeas petitioners, habeas petitioners represented by counsel have *no* constitutional right to habeas counsel, *see Coleman*, 501 U.S. at 752–53, 111 S.Ct. 2546. It follows that the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all. *See Cirami*, 563 F.2d at 34–35; *Vindigni*, 441 F.2d at 376; *see also Baldayaque v. United States*, 338 F.3d 145, 154 (2d Cir.2003) (Jacobs, *J.*, concurring) (habeas lawyer does not act as client's agent when he takes a fee to file a case and then deliberately fails to do so, depriving his client of an opportunity to be heard).

■ Here, Harris alleges that the integrity of his habeas proceeding was under-

counsel because habeas is essentially a civil proceeding.

5. Of course, with or without "extraordinary circumstances," a Rule 60(b)(6) motion to reopen a habeas proceeding that attacks the

underlying criminal conviction but not the initial habeas proceeding must either be (i) treated as "a second or successive" habeas petition, or (ii) denied "as beyond the scope of Rule 60(b)." *See Gitten*, 311 F.3d at 534.

mined by an "extraordinary circumstance": that he was prejudiced by Conway's omissions as habeas counsel in the initial habeas proceeding, and that Conway has submitted a sworn declaration to the Court confessing his ineffectiveness. However, nothing in the record or in Conway's declaration suggests that his performance approached a level of deficiency that could remotely be deemed "abandonment" and therefore an "extraordinary circumstance." In the absence of any extraordinary circumstance under Rule 60(b)(6), we conclude that Harris's Rule 60(b) motion failed in its attack on the integrity of the habeas proceeding.

### III

The district court ruled that Harris's Rule 60(b)(6) motion failed in its attack on the integrity of his previous habeas proceeding and was therefore "a second or successive" habeas petition that was "procedurally barred as an impermissible effort to avoid the restrictions of § 2255." *Harris*, 293 F.Supp.2d at 269.

Under *Rodriguez*, however, a Rule 60(b) motion that *attacks the integrity* of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other Rule 60(b) motion that lacks merit. *See Rodriguez*, 252 F.3d at 200; *see also Gitten*, 311 F.3d at 534. On the other hand, as we explained in *Gitten*, a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as "a second or successive" habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction "as beyond the scope of Rule 60(b)." *Gitten*, 311 F.3d at 534.

In deciding between these two options, we cautioned district courts to

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

*Id.*

Because Harris's Rule 60(b) motion attacked the integrity of his previous habeas proceeding (albeit unsuccessfully), it should simply have been denied with prejudice.

\*   \*   \*   \*   \*   \*

For the foregoing reasons, we vacate the judgment of the district court denying Harris's Rule 60(b) motion as procedurally barred and remand with instructions to deny the motion with prejudice.