Ian HARRIS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 1:96CV1913LEK.

United States District Court, N.D. New York.

Feb. 24, 2005.

Ian Harris, Leavenworth, KS, pro se.

George E. Baird, Jr., Office of the Federal Public Defender, Albany, NY, for Petitioner.

Paul D. Silver, Office of United States Attorney, Albany, NY, for Respondent.

### MEMORANDUM–DECISION AND ORDER [1]

KAHN, District Judge.

Before this Court is a motion by Ian Harris ("Petitioner") pursuant to Federal Rule of Civil Procedure 60(b), provisions (4) and (5), to reopen his habeas proceeding under 28 U.S.C. § 2255. For the following reasons, the motion is denied.

### I. BACKGROUND

On November 9, 1989, Petitioner was convicted of various charges for his participation in a major drug trafficking ring involving numerous firearms based in Saratoga Springs, New York. Petitioner Memo. (Dkt. No. 35) at 3–4. In particular, Petitioner was convicted of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848 (Count 1), conspiracy to possess cocaine base, cocaine powder, heroin, and marijuana with intent to distribute in violation of 21 U.S.C. § 846 (Count 2), using or carrying twelve different firearms in relation to the CCE charged in Count 1 in violation of 18 U.S.C. § 924(c)(1) (Counts 8–19), and using or carrying eleven different firearms in relation to the conspiracy charged in Count 2 in violation of 18 U.S.C. § 924(c)(1) (Counts 20–31). *Id.* In a decision dated June 8, 1991, the Second Circuit Court of Appeals affirmed Petitioner's convictions in all respects. *See United States v. Cephas,* 937 F.2d 816 (2d Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992).

On December 12, 1996, Petitioner sought to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the " § 2255 petition"). In a decision dated October 23, 1997, this Court vacated all of Petitioner's firearm convictions except for Counts 19 and 31 in accordance with subsequent case law prohibiting multiple § 924(c)(1) convictions premised upon the number of firearms used by the defendant in the commission of a single predicate offense. *Harris v. United States,* No. 96–CV–1913 (N.D.N.Y. Oct. 28, 1997). The Court also denied Petitioner's challenges: (1) that jury instructions pertaining to the § 924(c)(1) convictions were erroneous; (2) that the evidence at trial was insufficient to support the § 924(c)(1) convictions; (3) that the indictment was constructively amended in violation of the Fifth Amendment; and (4) that he received ineffective assistance of counsel. *Id.* On January 5,

---

1. For printed publication in the Federal Re- porter.

1998, Petitioner's motion for reconsideration and application for a certificate of appealability were denied. Motion for Recon. Dec. (Dkt. No. 19).

In 1998, Petitioner sought permission of the Court of Appeals to bring a second or successive habeas petition pursuant to 28 U.S.C. § 2255. That request was denied by the Court of Appeals on December 26, 2001 as a result of their finding that Petitioner's proffered claim did not meet the criteria of 28 U.S.C. § 2255, namely, that it did not involve newly discovered evidence or a new rule of constitutional law. Second § 2255 Dec. (Dkt. No. 33).

Petitioner has now filed this motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") seeking to reopen his first § 2255 petition on the grounds that: (1) the conviction on Count 2 violates *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); (2) the convictions on Count 2 and Count 31 constitute Double Jeopardy in violation of the Fifth Amendment of the United States Constitution; and (3) the 120 month sentence imposed on Petitioner for his § 924(c)(1) convictions is illegal and unconstitutional. Petitioner Memo. (Dkt. No. 35) at 7–17.

## II. DISCUSSION

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b)[2] provides courts with a mechanism by

which they may relieve a party from a final judgment. FED R. CIV. P. 60(b). Petitioner cites Rule 60(b)(4) and 60(b)(5) in his memorandum as grounds on which to reopen his prior § 2255 petition. *See* Petitioner Memo. (Dkt. No. 35) at 1–2. Rule 60(b)(4) gives the court authority to grant relief from a final judgment when "the judgment is void." FED R. CIV. P. 60(b)(4). Under Rule 60(b)(5), a party may be relieved from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED R. CIV. P. 60(b)(5).

### B. Difference Between A Motion Under Rule 60(b) and Petition Pursuant to 28 U.S.C. § 2255

Petitioner correctly points out that in the Second Circuit, a motion under Rule 60(b) does not per se constitute a second or successive habeas petition under § 2255. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2244(b); *Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir.2001). "A motion under Rule 60(b) and a [§ 2255 petition] have different objectives." *Rodriguez*, 252 F.3d at 198. A § 2255 petition seeks to vacate, set aside or correct a sentence imposed by the federal court. A motion pursuant to Rule 60(b) does not seek such relief. "It seeks only to vacate the federal court judgment [concerning] the prior habeas peti-

---

**2.** Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED R. CIV. P. 60(b).

tion. The grant of such a motion would not have the effect of invalidating the [federal] conviction. It would merely reinstate the [previous] petition for habeas, opening the way for further proceedings seeking ultimately to vacate the [federal] conviction." *Id.* Therefore, courts will only decide a motion under Rule 60(b) if it relates "to the integrity of the federal habeas proceeding, not the integrity of the ... criminal trial." *Id.* at 199 (where the court decided a Rule 60(b) motion on the merits when petitioner alleged that his attorney made fraudulent representations to the habeas court); *see also Harris v. United States,* 367 F.3d 74, 80 (2d Cir.2004) (petitioner alleged that his counsel at the habeas petition was ineffective); *Moses v. United States,* 2005 WL 292976, *2, 2005 U.S. Dist. LEXIS 1743, at *10 (S.D.N.Y. Feb. 7, 2005) (petitioner alleged that the habeas court erred by procedurally barring two of his four ineffective assistance of counsel claims); *Roccisano v. United States,* 2003 WL 21396668, *2, 2003 U.S. Dist. LEXIS 10119, at *7–8 (S.D.N.Y. June 16, 2003) (petitioner alleged that the government misrepresented facts and committed fraud at the habeas proceeding).

 If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3]. The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).[4] Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Corrao v. United States,* 152 F.3d 188, 190 (2d Cir.1998).

In *Gitten v. United States,* 311 F.3d 529, 530 (2d Cir.2002), the Second Circuit Court of Appeals noted that a district court "has some flexibility in handling" a motion for reconsideration under Rule 60(b), but cautioned that the court "must be careful not to precipitously treat a Rule 60(b) motion as a second collateral attack requiring referral to [the Court of Appeals] to discharge its 'gatekeeping' function under 28 U.S.C. § 2244 concerning successive applications for habeas corpus." *Gitten v. United States,* 311 F.3d 529, 530 (2d Cir. 2002).

### C. Analysis of Petitioner's First and Second Claims

A review of Petitioner's first and second claims makes clear that he is attacking the underlying conviction and not the integrity of the prior § 2255 petition. Petitioner contends that his simultaneous conviction under 21 U.S.C. § 848 and 21 U.S.C. § 846 and the related firearm conviction and sentence pursuant to 18 U.S.C. § 924(c)(1) violates *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) and the double jeopardy clause of the Fifth Amendment of the United States Constitution. Petitioner Memo. (Dkt. No. 35) at 7–13. Neither of these claims were even raised in Petitioner's prior habeas proceeding and both represent new attacks on his underlying conviction. § 2255 Petition (Dkt. No. 1). Petitioner also contends

---

3. Pub.L. No. 104–132, 110 Stat. 1214 (1996).

4. The appellate court, in turn, must certify that the second or successive § 2255 motion contains: "(1) newly discovered evidence that, if proven and viewed in [the] light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

that his conviction under § 924(c)(1) is impermissible because the underlying crime of conspiracy was unlawfully charged. Petitioner Memo. (Dkt. No. 35) at 16. This also was not raised in Petitioner's prior habeas proceeding and constitutes a new attack on his conviction.

■ Stripped to its core, Petitioner's claims seek to attack the underlying conviction as constitutionally invalid and is thus in reality a second or successive habeas petition "parading as" a Rule 60(b) motion. *See Parke v. United States*, 2004 WL 437464, *2, 2004 U.S. Dist. LEXIS 2202, at *12 (N.D.N.Y. Feb. 17, 2004) (McCurn, J.). Rule 60(b) does not provide an alternative vehicle for a federal prisoner to collaterally challenge his conviction and sentence when, as here, the prisoner has failed to satisfy the procedural requirements of 28 U.S.C. § 2255. In short,

> prisoners cannot avoid the AEDPA's rules by inventive captioning ... [c]all it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004).

5. A Pinkerton theory of liability allows a jury to find a violation of § 924(c)(1) if it was reasonably foreseeable to the defendant that a co-conspirator would personally commit the violation in furtherance of the conspiracy charged. *See Pinkerton v. United States*, 328 U.S. 640, 646–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

6. Rule 60(b)(4) provides that a party may be relieved from a judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Where the court has jurisdiction over the offender and the offense, the judgment is not void. *Herrera v. United States*, 1998 WL 196233, *1, 2003 U.S. Dist. LEXIS 11591, at *2 (S.D.N.Y. July

Since Petitioner's first and second claim seek to challenge the integrity of the underlying criminal conviction and not his prior § 2255 petition, relief under Rule 60(b) must be denied. If Petitioner wishes to have the substance of his challenges considered, he needs to gain the authorization of the Second Circuit Court of Appeals to file a motion for leave to file a second or successive § 2255 petition.

### D. Analysis of Petitioner's Third Claim

■ Petitioner's third claim alleges that the 120 month sentence imposed on him for his § 924(c)(1) convictions is illegal and unconstitutional. In making this claim, Petitioner does contend that in his prior § 2255 proceeding, this Court mistakenly concluded that the trial court had instructed the jury concerning possible Pinkerton[5] liability concerning Count 19, which accused Petitioner of a firearms violation under 18 U.S.C. § 924(c)(1) relating to the CCE. Petitioner Memo. (Dkt. No. 35) at 14–15. Petitioner alleges that in fact, the jury was not so instructed, and without a Pinkerton instruction, there is insufficient evidence to sustain his conviction. *Id.* at 16. To the extent that Petitioner is claiming error and therefore attacking the integrity of the habeas proceeding, relief is not warranted since Petitioner has failed to meet the criteria under Rule 60(b)(4)[6] or Rule 60(b)(5)[7].

7, 2003). Petitioner makes no allegation that this Court did not have jurisdiction over him or the offense in deciding his § 2255 petition. Therefore, relief under Rule 60(b)(4) is not warranted.

7. Rule 60(b)(5) provides that a party may be relieved from a judgment if "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). A reading of Petitioner's memorandum suggests that Petitioner wished to invoke Rule 60(b)(5) in contending that his conviction under Count 2 violates *Rutledge v. United States*, 517 U.S.

Rule 60(b)(1) provides that a party may be relieved from a judgment as a result of "mistake, inadvertence, surprise, or excusable neglect." Since Petitioner is alleging that this Court made a factual error about what jury instructions were actually given at trial, Rule 60(b)(1) is the appropriate grounds upon which the court may vacate the judgment. *See Grey Assocs. Gen. P'Ship v. 310 Assocs.*, 346 F.3d 31, 35 (2d Cir.2003); *Cappillino v. Hyde Park Cent. Sch. Dist.*, 135 F.3d 264, 265 (2d Cir.1998). A motion under Rule 60(b)(1) may only be brought within one year after the judgment was entered. FED R. CIV. P. 60(b). Since Petitioner filed this motion over five years after the entry of judgment, his motion is untimely.

## III. CONCLUSION

Having found that the Petitioner's first and second claims are seeking to attack the underlying conviction and not the prior habeas proceeding, case law dictates that the district court may not recharacterize the motion as a second or successive collateral attack and transfer it to the court of appeals for possible authorization without informing the prisoner and affording a sufficient opportunity to avoid the transfer. *Gitten*, 311 F.3d at 534. The court may simply deny the motion attacking the underlying conviction "as beyond the scope of Rule 60(b)." *Id.* To the extent that Petitioner's motion pursuant to Rule 60(b) is attacking the integrity of the habeas proceeding, relief is denied as untimely.

Accordingly, it is hereby

ORDERED that Petitioner's Motion for Relief from Prior Judgment is DENIED; and it is further

292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). As earlier stated, such an argument is an attack on the underlying conviction and is beyond the scope of Rule 60(b). Rule 60(b)(5)

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

is not the proper grounds on which to vacate a judgment based on an alleged factual mistake by the habeas court.