**Barry BERRETTA, Plaintiff–Appellant,**

v.

**TUG VIVIAN ROEHRIG, LLC,
Defendant–Appellee.**

No. 06–5891–cv.

United States Court of Appeals,
Second Circuit.

Dec. 11, 2007.

Florrie Wertheimer (Robin Wertheimer, on the brief), Wertheimer Associates, PC, New York, NY, for Plaintiff–Appellant.

Edward P. Flood (Jon Werner, on the brief), Lyons & Flood LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Barry Berretta appeals from the judgment of the United States District Court for the Southern District of New York (Michael H. Dolinger, *Magistrate Judge*), dismissing Berretta's complaint alleging maritime negligence against defendant Tug Vivian Roehrig, LLC ("Vivian Roehrig").[1]  On appeal, Berretta argues that the District Court: 1) applied the wrong legal standard to determine negligence, 2) misapprehended certain facts derived from the testimony at trial, and 3) erroneously credited Vivian Roehrig's witnesses over his own testimony.  As we conclude that none of Berretta's arguments presented on this appeal have merit, we affirm the judgment of the District Court.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

■ Berretta's first challenge is that the District Court applied the wrong legal standard for negligence.  We review such "questions of law *de novo.*"  *See Harris v. United States,* 367 F.3d 74, 79 (2d Cir. 2004) (internal quotation marks omitted).  The District Court articulated the relevant legal standard for negligence as follows:

> [P]laintiff's claim is one for maritime negligence. . . . Hence, he must demonstrate:  one, that one or more crew members of the tug were responsible for acts or omissions that reflect a failure to use reasonable care, that is, a deviation from the conduct that would be expected from a reasonable person in their respective positions;  and two, that such act or omission was the proximate cause of plaintiff's injury.

In his brief, Berretta neither specifies how the District Court misstated the appropriate legal standard nor suggests what alternative standard should have been applied.

Indeed, such an argument would fail because the District Court's standard conformed to the law of this circuit.  *See Topor–Taparek v. Socony Mobil Oil Co.,* 339 F.2d 792, 794 (2d Cir.1964) (approving of district court's jury instructions on maritime negligence claim that plaintiffs had burden of showing that defendant had failed "to use ordinary and reasonable care under the existing circumstances" and that such failure proximately caused plaintiff's damages).

Instead, Berretta claims that the District Court improperly relied on industry custom to determine negligence.  Specifically, Berretta contends that "[s]tandard, practice and custom are not the guidelines for whether there was negligence."  In support of this contention, Berretta primarily relies upon *The T.J. Hooper,* 60 F.2d 737 (2d Cir.1932), *cert. denied sub nom., E. Transp. Co. v. N. Barge Corp.,* 287 U.S. 662, 53 S.Ct. 220, 77 L.Ed. 571 (1932), and *Tug Ocean Prince, Inc. v. United States,* 584 F.2d 1151 (2d Cir.1978), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1499, 59 L.Ed.2d 772 (1979).  However, neither of these decisions—nor any other authority cited by Berretta or discovered in our research—holds that a trial court errs in considering *any* evidence of industry standards, customs, or practices to determine what constitutes maritime negligence in a particular situation.  On the contrary, we have affirmed district court decisions adjudicating maritime negligence claims in reliance, at least in part, upon such evidence. *See, e.g., Espinoza v. U.S. Lines, Inc.,* 444 F.Supp. 405, 407 (S.D.N.Y.1978), *aff'd,* 586 F.2d 832 (2d Cir.1978).  The cases cited by Berretta stand for the proposition that a possible tortfeasor may not rely *solely* upon its adherence to industry standards,

---

1.  This case was originally assigned to U.S. District Judge Richard M. Berman.  However, the parties consented to the jurisdiction of

a U.S. Magistrate Judge, and the case was reassigned to Magistrate Judge Dolinger.

customs, or practices as a *per se* defense to a negligence claim. As first articulated by Judge Learned Hand in *The T.J. Hooper*, a party may be deemed negligent in failing to adopt new and available safety measures because their adoption is "so imperative that even their universal disregard [by the industry] will not excuse their omission." 60 F.2d at 740. In *Tug Ocean Prince*, we similarly held that a tug operator was negligent in employing a pilot to navigate icy and dangerous waters because the individual lacked any experience whatsoever of working in such conditions, notwithstanding any industry practice that permitted such conduct when an experienced pilot was aboard and available for assistance but not directly involved in operations. 584 F.2d at 1156.

Here, nothing in the District Court's decision indicates that the District Court concluded that evidence of industry standards, customs, or practices could serve as a per se defense to a maritime negligence claim. Instead, the District Court merely heard such evidence—including Berretta's own testimony—regarding what constitutes reasonable prudence and due care during a "make up" procedure. The District Court's admission of evidence of industry practices, customs, and norms was not error.

Berretta's remaining arguments essentially reduce to several challenges to the District Court's factual findings. To the extent that Berretta argues that the District Court improperly credited the testimony of witnesses other than himself in defining what constitutes reasonable care in the circumstances of this case, such a determination by the District Court in a bench trial is reviewed for clear error. *See Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 178 (2d Cir. 2007). Drawing upon his experience in connecting barges like the Essex to tug boats, Berretta testified about his understanding of standard industry practices in "make up" procedures. However, Berretta conceded that he only understood the issue from the perspective of one working on the barge:

> I don't know of anything on the tug. I don't work tugs. I don't know what's on the tugs. I am on a barge. All I see is someone handing me a cable.

Given that a key factual issue in this case is what, if anything, the individuals working on the tug could have done in the situation in which Berretta was injured, it was entirely appropriate for the District Court to hear evidence from Vivian Roehrig's witnesses regarding their understanding of standard practices on tug boats. Where the evidence elicited from Berretta and these witnesses conflicted on the issue of standard practices, the District Court, as the finder of fact, was entitled to credit one witness's testimony over another. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 44 (2d Cir.2000) ("Decisions as to whose testimony to credit and as to which of competing inferences to draw are entirely within the province of the trier of fact."). Moreover, the District Court was entitled to draw reasonable inferences from such testimony and to rely upon such inferences to question the accuracy of Berretta's account of the events of November 18, 2004.

In sum, we have considered all arguments presented by Berretta in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.