13-1728-cr (L)
United States v. Bastien

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

        -v-                                          13-1728-cr (Lead)
                                                     13-1767-cr (Con)
GARY BASTIEN,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     Brendan White, White & White, New York, N.Y.

Appearing for Appellee:      Charles N. Rose, Assistant United States Attorney (Lorretta E. Lynch, United States Attorney for the Eastern District of New York; Susan Corkery, Assistant United States Attorney, *on the brief*), Brooklyn, N.Y.

        Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Gary Bastien appeals from an April 19, 2013 order of the United States District Court for the Eastern District of New York (Bianco, *J.*), denying his pro se motion for relief from his July 30, 2010 judgment of conviction filed on August 5, 2010. Following Bastien's guilty plea, the district court sentenced Bastien to a term of imprisonment of fifty-seven months. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Over two years after his judgment of conviction, Bastien filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, indicating that he had discovered documents and information that had been "fraudulently conceal[ed]" from him. Bastien also expressly requested that the district court consider his Rule 60 motion without recharacterizing it as a petition brought pursuant to 18 U.S.C. § 2255.

On appeal, Bastien maintains that it was an abuse of discretion for the district court to have denied his Rule 60 motion without permitting him to convert it to, or have it be construed as, a Section 2255 petition.

We review a district court's decision on a Rule 60 motion for abuse of discretion. *See Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). We agree with the district court that Bastien's Rule 60 motion was effectively an attack on his underlying criminal conviction, and that the relief he sought was unavailable under Rule 60. As such, the court acted within its discretion in denying the motion. *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) ("[A]fter a district court has denied as meritless the portion of the 60(b) motion that the court considers to come within the scope of Rule 60(b), the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, *i.e.*, the portion believed to present new attacks on the conviction."). Nor did it abuse its discretion in failing to construe, or allow conversion of, the motion in light of Bastien's express request to the contrary.

We have considered Bastien's remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2