**Miguel GUZMAN, Petitioner–Appellant and Cross–Appellee,**

v.

**UNITED STATES of America, Respondent–Appellee and Cross–Appellant.**

**No. 03–2446–PR, 03–2514–PR.**

United States Court of Appeals, Second Circuit.

Oct. 25, 2004.

Ruth M. Liebesman, New York, New York, for Appellant.

Daniel L. Stein, Assistant United States Attorney for the Southern District of New York, New York (David N. Kelley, United States Attorney for the Southern District of New York, and Laura Grossfield Birger, Assistant United States Attorney, on the brief), for Appellee.

PRESENT: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

*SUMMARY ORDER*

Miguel Guzman appeals from an order entered on June 20, 2003 in the United States District Court for the Southern District of New York (Scheindlin, *J.*) denying him relief on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government does not contest the denial of relief to Guzman, but cross-appeals from the district court's initial determination that Guzman's appellate counsel was constitutionally ineffective. We review the district court's findings of fact for clear error, and its application of law *de novo*. *Harris v. United States*, 367 F.3d 74, 79 (2d Cir. 2004).

■ Guzman argues first that the district court erred in holding that his sentencing and appellate counsel were not constitutionally ineffective for failing to raise the argument that the life sentence imposed for Guzman's murder-in-aid-of-racketeering conviction under 18 U.S.C. § 1959(a)(1) violated the Ex Post Facto Clause. U.S. Const. Art I, § 10, cl. 1. We affirm the rejection of this claim, for the reasons stated in the district court's Opinion and Order.

■ Guzman also argues that the district court erred in declining to resentence him after holding that his appellate counsel was constitutionally ineffective for failing to raise a claim that the life sentences imposed for Guzman's drug conspiracy convictions under 21 U.S.C. § 846 ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm the district court's denial of relief to Guzman on this claim, but on a different rationale. As the Government argues in its cross-appeal, the district court erred in its initial determination that Guzman's appellate counsel was constitutionally ineffective.

While the sentences imposed on the drug conspiracy counts did violate the rule of *Apprendi,* this error would not have been corrected on direct appeal, and therefore, Guzman's appellate counsel was not ineffective for failing to raise it. Because *Apprendi* was decided while Guzman's direct appeal was pending, his claim would have been reviewed under the plain error standard of Fed. R.Crim. Proc. 52(b), which prevents an appellate court from correcting an error unless it, *inter alia,* "affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). This Court has previously "held that an erroneous sentence on one count of a multiple-count conviction does not affect a defendant's substantial rights where the total term of imprisonment remains unaffected." *United States v. Henry*, 325 F.3d 93, 101 (2d Cir.2003). Because Guzman was sen-

tenced to three concurrent life sentences on unrelated counts, curing the *Apprendi* violation would have had no effect on the total time Guzman will spend in prison; therefore, this error would not have been corrected on direct appeal.

For this reason, the district court erred in granting Guzman's § 2255 motion with respect to this claim. However, because the district court ultimately declined to resentence Guzman—for exactly the reason discussed above—we reach the same result.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838. Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion [or order] that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.