**Michael Owen HERON, Petitioner–Appellant,**

v.

**Thomas A. COUGHLIN III, Department of Correctional Services, New York State, Daniel A. Senkowski, Superintendent, Clinton Correctional Facility, Defendants–Appellees.**

Docket No. 04–3986–PR.

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

Jesse M. Siegel, New York, NY, for Appellant.

Jonathan Zucker, Assistant District Attorney (Robert T. Johnson, District Attorney for Bronx County, Joseph N. Ferdenzi, Allen H. Saperstein, Assistant District Attorneys, on the brief), Bronx, NY, for Appellees.

Present: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, Chief District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Petitioner-appellant Michael Heron appeals from a judgment of the district court denying Heron's motion for a writ of habe-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

as corpus pursuant to 28 U.S.C. § 2254, collaterally attacking his New York state conviction for murder in the second degree. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), enacted the present 28 U.S.C. § 2254(d) which provides the standard of review of state court decisions in habeas corpus proceedings. In *Lindh v. Murphy*, 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the Supreme Court held that habeas petitions filed before the passage of AEDPA were governed not by the present § 2254(d), but by pre-AEDPA law. Heron's petition was filed in 1993. We therefore review state court decision under pre-AEDPA law, affording state court factual determinations a presumption of correctness and reviewing legal questions de novo. *Green v. Scully*, 850 F.2d 894, 900 (2d Cir.1988).

This appeal was filed in 2004, after AEDPA, and *Lindh* does not extend to the rules governing appeals. *Slack v. McDaniel*, 529 U.S. 473, 481, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, all post-AEDPA appeals are reviewed under post-AEDPA standards, and so we review the district court's factual determinations for clear error and legal conclusions de novo. *Harris v. United States*, 367 F.3d 74, 79 (2d Cir.2004).

Heron premises his claim for habeas relief on Forrest's recantation of his testimony at trial. If the prosecution intentionally obtains a conviction through perjured testimony, due process is violated. *Hysler v. Florida*, 315 U.S. 411, 413, 62 S.Ct. 688, 86 L.Ed. 932 (1942). Here, the issue revolves around whether the prosecution knew or should have known that Forrest's testimony was perjured. We regard recantations as highly suspect.

*Sanders v. Sullivan*, 863 F.2d 218, 225 (2d Cir.1988). Thus, despite some interlocking of Forrest's recantation with events at trial, we see no clear error in the district court's decision to credit the prosecutor's testimony over Forrest's.

This court has also held that sufficiently material perjury may establish an error of constitutional scope even without prosecutorial knowledge. *Ortega v. Duncan*, 333 F.3d 102, 108 (2d Cir.2003); *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991). Here, the district court did not find that Forrest had committed perjury, and declined to credit Forrest's recantation affidavit, the only evidence of perjury offered. We see no clear error in the district court's conclusion that Forrest's recantation affidavit was not credible, and must therefore conclude that Heron has failed to prove Forrest perjured himself at trial.

Heron also raises an argument that the prosecution's withholding of the number of pending indictments against Forrest at the time of his original testimony violates his due process rights as explained by *Brady v. Maryland*, 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). While this claim is unexhausted, both pre- and post-AEDPA law allow us to deny nonmeritorious claims notwithstanding failure to exhaust. 28 U.S.C. § 2254(b)(2); *Granberry v. Greer*, 481 U.S. 129, 135 n. 7, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

Impeachment evidence is subject to *Brady* requirements. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). However, to establish a *Brady* error, Heron must show that there is a reasonable likelihood that disclosure of the evidence to the defense would have changed the verdict. *Kyles v. Whitley*, 514 U.S. 419, 433–34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Here, defense counsel questioned Forrest about the mar-

ijuana and weapons possession underlying at least two more of his pending indictments. Defense counsel even alleged that Forrest was permitted to continue a marijuana distribution operation in exchange for his testimony. Thus, there was no reasonable likelihood that information about additional indictments would have altered the impeachment evidence sufficiently to lead the jury to a different verdict.

Finally, Heron raises a related claim of ineffective assistance of counsel based on failure properly to investigate and present the impeachment evidence. Heron must show both that his counsel's performance was "not within the range of competence demanded of attorneys in criminal cases," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As discussed above, Heron's counsel did present significant impeachment evidence. The fact that it could theoretically have been further developed and more cogently presented does not, in itself, lead us to believe that counsel's performance was unreasonable.

For the above reasons, we affirm the judgment of the district court.