Wade **FRAZIER**, Petitioner–Appellant,

v.

State of **NEW YORK**, Respondent–Appellee.

No. 04–5539–PR.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

---

Monica Jacobson, Alvy & Jacobson, New York, New York, for Petitioner–Appellant.

Alyson J. Gill, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Robin A. Forshaw, Assistant Attorney General, on the brief), New York, New York, for Respondent–Appellee.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and EATON, Judge.*

### SUMMARY ORDER

Petitioner-appellant Wade Frazier, a state prisoner, appeals from a final judg-

---

* The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

ment of the United States District Court for the Southern District of New York (Sweet, J.) denying his motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the facts of the case, the procedural history, and the issues on appeal.

We review the district court's factual determinations for clear error and legal conclusions *de novo. Harris v. United States,* 367 F.3d 74, 79 (2d Cir.2004). A federal court reviewing a habeas corpus petition may not grant relief unless a state court adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ Frazier claims the state trial court improperly admitted evidence from a suggestive lineup in which a witness identified him. *See Manson v. Brathwaite,* 432 U.S. 98, 106, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (holding that suggestive lineups violate due process unless they possess independent indicia of reliability). Frazier was the only person in the lineup with dreadlocks of any significant length, and dreadlocks of alternating length were the most distinctive feature of the description given by the victim who identified him from the lineup. We therefore agree with the district court that the lineup, in which only one person possessed the most salient characteristic described by the victim, was suggestive. *See Raheem v. Kelly,* 257 F.3d 122, 126–27 (2d Cir.2001).

■ Because the state courts did not reach the question of independent reliability, we review it *de novo. See Drake v. Portuondo,* 321 F.3d 338, 345 (2d Cir. 2003). The district court inappropriately deferred to the state court on the question of independent reliability although the state court did not reach the issue, *see id.,*

but we agree with its conclusion that the lineup was independently reliable. Applying the factors set forth in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), *see Manson,* 432 U.S. at 114, 97 S.Ct. 2243, we note that the witness observed her attacker face-to-face with her full attention during the attack, described him repeatedly and in detail to police, and confidently identified him not long afterward.

■ Frazier's claim that the evidence was insufficient to convict him in light of the constitutionally inadmissible evidence of the lineup appears to be a mere rephrasing of his challenge to the lineup itself. We find that the state court did not violate clearly established Supreme Court precedent by finding the evidence sufficient to convict Frazier. *See Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Frazier argues the trial judge improperly shifted the burden of proof to the non-moving party when the prosecution challenged the defense's peremptory strike of a juror. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We agree. However, there is no Supreme Court precedent clearly establishing that the success of a prosecutor's *Batson* challenge works any constitutional harm. Frazier has not alleged that the seating of the juror in question had any discriminatory effect or that the juror in question was biased. *Cf. United States v. Martinez–Salazar,* 528 U.S. 304, 307, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) ("[I]f the defendant elects to cure [a judge's erroneous refusal to dismiss a juror for cause] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right."). There is no constitutional right to peremptory challenges. *Id.* at 311, 120 S.Ct. 774. Because no juror was excluded

on the basis of race and no biased juror was seated, Frazier has failed to allege any constitutional injury under clearly established Supreme Court precedent.

 Finally, Frazier claims that the judge violated his Fifth Amendment right against self-incrimination by relying on Frazier's failure to express remorse during sentencing, although Frazier maintained his innocence and thus could not possibly have expressed remorse. Frazier did not exhaust this claim in the state courts, and so we lack jurisdiction to consider it. *See* 28 U.S.C. § 2254(b)(1)(a).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.