**Angel C. VERA, individually for himself and on behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**SAKS & COMPANY, doing business as Saks Fifth Avenue, and United Storeworkers Local 1102 and 2567, R.W.D.S.U., A.F.L.-C.I.O., U.F.C.W., Defendants–Appellants.**

**No. 06–2298–cv.**

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

See also 335 F.3d 109.

Brian J. Isaac, Pollack, Pollack, Isaac & De Cicco (Vernon J. Walsh and David M. Kert, on the brief), New York, New York, for Plaintiff.

Richard Granofsky, Lester Schwab Katz & Dwyer, LLP, New York, New York, for Defendants.

PRESENT: Honorable RICHARD J. CARDAMONE, Honorable REENA RAGGI, Circuit Judges, Honorable RICHARD M. BERMAN, District Judge.[1]

## SUMMARY ORDER

Plaintiff Angel C. Vera appeals the district court's (1) award of summary judgment in favor of defendant Saks & Company ("Saks") in this hybrid action under § 301 of the Labor–Management Relations Act challenging Saks's method of calculating employee commissions,[2] and (2) denial of plaintiff's motion to vacate the judgment entered against him in a prior federal action raising a similar challenge. *See Vera v. Saks & Co.*, 424 F.Supp.2d 694 (S.D.N.Y. 2006). We assume the parties' familiarity with the facts and the record of prior

1. The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

2. On this appeal, Vera does not challenge the district court's award of summary judgment in favor of defendants United Steel Workers Locals 1102 and 2567 (the "Union").

proceedings, which we reference only as necessary to explain our decision.

### 1. *Summary Judgment*

Vera submits that the district court erred in concluding that, pursuant to *Del-Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), his failure to exhaust arbitration relief on his commissions challenge compelled summary judgment in favor of Saks. While acknowledging that this court had reached the same exhaustion conclusion in affirming summary judgment in favor of Saks in an earlier case, *Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir.2003) (*"Vera I"*), Vera asserts that *Vera I* does not control here because it was based on an assumption that proved incorrect, i.e., that the Union would, in fact, pursue arbitration of Vera's grievance. Given the Union's refusal to do so, Vera asserts that the district court was obliged to conclude either (1) that his claim was not arbitrable or (2) that arbitration was futile. We disagree.

■ A union's refusal to pursue arbitration of a member's grievance does not convert an arbitrable claim into a nonarbitrable one. An employee may disagree with union decisions, but he is "bound by them," *NLRB v. Allis–Chalmers Mfg. Co.*, 388 U.S. 175, 180, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967), unless he can demonstrate that the union breached its duty of representation, *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *accord Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 74–77, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). Vera specifically concedes that he makes no such breach claim in this case; nevertheless, he argues that the Union's refusal to arbitrate reveals that the claim was, in fact, nonarbitrable. We disagree. A union decision not to arbitrate a claim may excuse the employee's failure to exhaust arbitration if

it constitutes a breach, but it does not render the claim itself nonarbitrable.

■ Vera submits that even if his claim is arbitrable, his pursuit of such relief would have been futile because the union declined to pursue arbitration. The law will excuse an employee's failure to exhaust arbitration remedies in three circumstances: (1) where the employer has repudiated private grievance mechanisms, *see Vaca v. Sipes*, 386 U.S. at 185, 87 S.Ct. 903; (2) where the union has breached its duty of fair representation, *see id.; accord Air Line Pilots Ass'n v. O'Neill*, 499 U.S. at 74–77, 111 S.Ct. 1127; or (3) where the union member shows that arbitration would be futile, *see Glover v. St. Louis–San Francisco Ry. Co.*, 393 U.S. 324, 330–31, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). Vera has not argued that the first two circumstances are here present; he misconstrues the third.

The futility exception allows an employee to bypass arbitration and file suit in federal court where employer repudiation or union breach of representation duty can reasonably be anticipated on account of the employer's or union's prejudice or hostility toward the employee. *See, e.g., Glover v. St. Louis–San Francisco Ry. Co.*, 393 U.S. at 331, 89 S.Ct. 548. It does not, however, allow an employee to avoid the binding effect of his union's decision to forego arbitration of certain member claims absent a finding of improper motive. *See generally DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. at 164, 103 S.Ct. 2281.

In sum, Vera's claim is arbitrable and, because he is bound by the Union's refusal to pursue arbitration, his failure to exhaust properly resulted in the entry of summary judgment in favor of Saks.

### 2. *Denial of Motion to Vacate*

■ Vera submits that "substantive fairness" required the district court to va-

cate the dismissal judgment affirmed in *Vera I* because the Union's subsequent actions were at odds with this court's "intent" to have his claim submitted for arbitration. Appellant's Br. at 35. Preliminarily, we observe that motions to vacate under Federal Rule of Civil Procedure 60(b) are "narrowly cabined by the precedent of this Court." *Harris v. United States,* 367 F.3d 74, 80 (2d Cir.2004). In any event, Vera's motion correctly failed because it relies on a misunderstanding of our decision in *Vera I.*

*Vera I* did not express this court's "intent" for plaintiff's grievance to be arbitrated. It simply recognized that, where a grievance is arbitrable, " '[a] rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance.' " *Vera I,* 335 F.3d at 119 (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220–21, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). Because Vera's grievance is arbitrable, he was obliged to exhaust the arbitration remedies available to him. The fact that Vera's Union opted not to seek arbitration is not a ground for vacating the judgment in *Vera I.*

The judgment of the United States District Court for the Southern District of New York dated April 7, 2006 is hereby AFFIRMED.