Jose Luis **MATA**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

11-CR-435, 16-CV-5187

United States District Court, S.D. New York.

Signed July 21, 2016

Jose Luis Mata, New York, NY, pro se.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

Jose Luis Mata ("Mata") filed this motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his sentence. ("Motion," Dkt. No. 70.) Mata is currently serving a sentence of 360 months imprisonment at MDC Brooklyn after pleading guilty to one count of conspiracy to commit Hobbs Act Robbery in violation of 21 U.S.C. Section 1951 ("Count One") and one count of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) ("Count Two"). (Dkt. No. 65.) Mata bases his challenge to the legality of his sentence on Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court decision that voided the residual clause of the Armed Career Crimi-

nal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii) ("residual clause"), as unconstitutionally vague. (Dkt. No. 70 at 4.) For the reasons set forth below, the Court DENIES the Motion.

## I. STANDARD OF REVIEW

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," or "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a).

The Court notes that Mata is a pro se litigant. As such, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Mata's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

■ A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting Traguth v. Zuck, 710 F.2d 90, 96 (2d Cir.1983)). Therefore, under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer " [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foil. § 2255 (2004); see Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir.2000).

## II. DISCUSSION

■ On March 28, 2014, this Court sentenced Mata to 240 months on Count One and 120 months on Count Two to run consecutively, for a total of 360 months imprisonment. (See Dkt. Minute Entry for Mar. 28, 2014; Dkt. No. 65.) The Court also imposed a term of three (3) years of supervised release. (Id.) Mata appealed his judgment of conviction on April 10, 2014 (Dkt. No. 66), and on October 6, 2015, the Court of Appeals for the Second Circuit affirmed the conviction (Dkt. No. 69).

Mata filed the instant Motion on June 23, 2016. (Dkt. No. 70.) Mata argues that "his due process rights were violated when he was convicted and sentenced in violation of the Supreme Court's decision in Johnson v. United States, [— U.S. —] 135 S.Ct. 2551 [192 L.Ed.2d 569] (2015)." (Dkt. No. 70 at 4.)

In Johnson, the Supreme Court held that the residual clause in ACCA was unconstitutional. See 135 S.Ct. 2551 (2015). Under ACCA, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. Section 922(g) ("Section 922(g)") faces a sentencing enhancement of a minimum of 15 years if he has three or more previous convictions for a "violent felony." 18 U.S.C. Section 924(e)(1). A violent felony, as defined in ACCA's residual clause, "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Section 924(e)(2)(B). Johnson voided this residual clause as unconstitutionally vague because the clause "leaves grave uncertainty about how to estimate the risk posed by a crime," Johnson, 135 S.Ct. at 2557, and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony[,]" id. at 2558.

The Supreme Court's decision in Johnson applies only to those defendants who are both (1) convicted of being a felon in

possession of a firearm in violation of Section 922(g) and (2) are subject to ACCA's sentencing enhancement outlined above under 18 U.S.C. Section 924(e)(1). See Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) ("Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life.").

In the instant case, Mata was convicted of being a felon in possession of a firearm in violation of Section 922(g). (See Dkt. No. 65.) However, Mata was not subject to ACCA's sentencing enhancement as he was sentenced to only 120 months for Count Two. (See Dkt. Minute Entry for Mar. 28, 2014; Dkt. Nos. 65, 67.) Therefore, since Mata was not sentenced under ACCA, the Supreme Court's ruling in Johnson is not relevant on that basis.

However, the Second Circuit has held that Johnson applies when a defendant is sentenced as a career offender under Section 4B1.1 of the United States Sentencing Guidelines (the "Guidelines"), if at least one of the prior convictions was a "crime of violence," a phrase defined in Guidelines Section 4B1.2. See United States v. Maldonado, 636 Fed.Appx. 807, 809–11 (2d Cir. 2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Johnson is not applicable here, however, because Mata was not sentenced as a career offender under Guidelines Section 4B1.1. (See Dkt. No. 67 at 13) ("Mr. Mata's offense level amounts to 41 and his criminal history category falls into category IV.") Thus, Mata's Motion is DENIED.

## III. ORDER

For the reasons stated above, it is hereby

ORDERED that the motion (Dkt. No. 70) of defendant Jose Luis Mata ("Mata") to vacate, set aside, or dismiss his conviction pursuant to 28 U.S.C. Section 2255 is DENIED.

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

As Mata has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**