VICTOR MARRERO, United States District Judge.
Jose Luis Mata ("Mata") is currently serving a sentence of 360 months imprisonment after pleading guilty to one count of conspiracy to commit Hobbs Act Robbery in violation of 21 U.S.C. § 1951 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 21, 2016, the Court denied Mata's pro se habeas corpus petition brought under 28 U.S.C. § 2255 (" § 2255 Petition"), in which he argued that the United States Supreme Court's 2015 decision in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), invalidated his sentence. See Mata v. United States, 196 F.Supp.3d 419 (S.D.N.Y. 2016).
More than two years later, on October 30, 2018, Mata moved pro se, under Rule 60(b) (6) of the Federal Rules of Civil Procedure, for relief from the denial of his § 2255 Petition. (See" Rule 60 Motion," Dkt. No. 3.) He argues that, by failing to file a § 2255 petition on his behalf alleging ineffective assistance of trial counsel, the attorney who helped him draft his § 2255 Petition abandoned him. (Id. at 1-2.) In Mata's view, this abandonment sufficiently establishes "extraordinary" circumstances to justify reopening his § 2255 Petition to include an ineffective assistance of trial counsel argument. (Id. )
For the reasons set forth below, the Court DENIES the Rule 60 Motion.
The Court notes that, because Mata is a pro se litigant, his submission must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted). The Court must construe Mata's submissions "liberally and interpret them to raise *355 the strongest arguments that they suggest." McPherson v. Coombe, 17 4 F.3d 276, 280 (2d Cir. 1993) (internal quotation marks and citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y. State Div. of Parole, 285 F.Supp.2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) ).
Mata moves for relief from the denial of his § 2255 Petition pursuant the catch-all sub-provision of Federal Rule of Procedure 60(b) (" Rule 60(b)"), which allows a court to provide relief from a judgment for "any other reason that justifies" it. Fed. R. Civ. P. 60(b)(6). However, "[d]istrict [c]ourts must analyze a Rule 60(b) motion challenging denial of a previous habeas petition to determine whether it is genuinely a Rule 60(b) motion or instead a successive habeas petition." Chen v. United States, 12 Civ. 3904, 2016 WL 519617, at *4 (S.D.N.Y. Feb. 3, 2016). A Rule 60(b) motion that presents a new argument for relief from the underlying conviction is a successive habeas petition. See Arroyo v. United States, 93 Crim. 0291, 2007 WL 1180549, at *2 (S.D.N.Y. Apr. 23, 2007). This is because a Rule 60(b) motion whose basis derives from "movant's own conduct, or his habeas counsel's omissions ... does not go to the integrity of the [original habeas] proceedings, but in effect asks for a second chance to have the merits determined favorably." Gonzalez v. Crosby, 545 U.S. 524, 532 n.5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).
Because the only putative defect Mata identifies in his original habeas proceeding is his pro se § 2255 Petition's lack of an ineffective assistance of trial counsel argument, the Court finds that the Rule 60 Motion does not attack the integrity of the original habeas proceeding and therefore is not a genuine Rule 60(b) motion.
Upon finding that a purported Rule 60 (b) motion attacks the underlying conviction rather than the integrity of the original habeas proceeding, a district court can either "treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the United States Court of Appeals for the Second Circuit] for possible certification, or ... simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' " Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002) ). The Court dismisses the Rule 60 Motion as beyond the scope of Rule 60(b).
Even if the Court were to consider Mata's Rule 60 Motion a genuine Rule 60(b) motion, the Second Circuit has held that "an attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances,' and ... such circumstances will be particularly rare where the relief sought is predicated on the alleged failures of counsel in a prior habeas petition." Harris, 367 F.3d at 81. Hence the movant must show that habeas counsel was worse than constitutionally ineffective -- he "must show that his lawyer agreed to prosecute [his] case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." Id.
Although it is unclear why the attorney who helped Mata draft the § 2255 petition did not actually file it, Mata managed to timely file his § 2255 Petition pro se. Hence Mata did, in fact, have an opportunity to be heard on the merits when the Court carefully considered and ruled upon the issues raised in his § 2255 Petition. See Mata, 196 F.Supp.3d at 420-21.
Given that Mata filed his § 2255 Petition pro se, the petition lacked an ineffective *356 assistance of trial counsel argument because Mata did not include such a claim. The Court finds that this eventuality does not constitute extraordinary circumstances. The line of cases Mata cites is not on point; those cases involve the entirely different situation in which counsel's deliberate failure to timely submit a filing - an error for which (at least under certain circumstances) the client should not be penalized, because he has no ability to avoid it -- prevents the court from reaching the substance of the client's arguments. See, e.g., Baldayaque v. United States, 338 F.3d 145, 154 (2d Cir. 2003). Hence the Court would deny Mata's motion even if it were a genuine Rule 60 motion.
For the reasons stated above, it is hereby
ORDERED that the motion (Dkt. No. 3) of defendant Jose Luis Mata pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from the Court's July 21, 2016 Order (Dkt. No. 2) is DENIED WITH PREJUDICE .
SO ORDERED .